UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                                          :

ANGEL HERNANDEZ,                                :
                            Plaintiff,     :
                                            :            14-CV-192 (JPO)
                      -v-                 :
                                            :            OPINION AND ORDER
CORIZONE MEDICAL DEPT. STAFF,       :
                          Defendant.   :
                                            :
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

Plaintiff Angel Hernandez ("Hernandez" or "Plaintiff"), proceeding pro se, brings this action alleging that he was the subject of inadequate medical treatment by Defendant Corizone Medical Dept. Staff[1] ("Defendant") while he was in custody on Rikers Island. Defendant moves to dismiss the complaint. Hernandez also requests leave to amend his complaint. For the reasons that follow, Defendant's motion is granted. Hernandez's request is also granted, and Hernandez may file an amended complaint.

**I.    Background**[2]

    **A.    Facts**

According to the complaint, Hernandez was burned by "hot scalding water" in a shower while he was detained at the Robert N. Davoren Complex on Rikers Island in late October 2013. (Dkt. No. 2 ("Compl.") at 2.) As a result, he "developed a bad skin rash along with a big purple patch on [his] left side." (*Id.*) Hernandez alleges that he still has a "purple mark" on the left side of his ribs and a rash on his shoulder where he was burned with hot water. (*Id.* at 3.) Hernandez

---

[1] According to Defendant, the entity's correct name is Corizon Health, Inc. (Dkt. No. 23, at 1.) The Court construes Plaintiff's complaint to invoke the proper entity.

[2] The following facts are taken from the allegations in the complaint (Dkt. No. 2), which are accepted as true at this stage, and from other submissions in connection with the instant motion.

1

sought medical help and "complained to medical staff constantly." (*Id.*) Doctors on staff—apparently employed by Defendant[3]—gave him "some cream," which did not help, and then "started giving [Hernandez] other medication and creams." (*Id.*) Despite the attempts at treatment, Hernandez says, he continued "suffering from pus[] and blood coming out of the blisters," which caused him "a lot of pain and agony." (*Id.*) The staff refused to send him to a hospital outside the facility. (*Id.*)

Hernandez filed a grievance regarding his injury in December 2013, which was referred to the head of the medical department. (*Id.* at 4.) Hernandez said he filed several "health medical complaint forms," and repeatedly saw different doctors.[4] (*Id.*) Hernandez asserts that his skin is "still bleeding and leaking pus[] from all these bumps and rashes," and that the condition is "spreading all over [his] body." (*Id.* at 5.) Hernandez seeks damages of $1 million for "medical negligence" and pain and suffering. Construed liberally, Hernandez also seeks to see a dermatologist rather than a general doctor or to be examined in a health facility outside the jail. (*Id.*)

B.   **Procedural History**

Hernandez filed this action on January 2, 2014. (Dkt. Nos. 1-2.) Defendant moved to dismiss on July 31, 2014. (Dkt. No. 21.) Hernandez has filed papers opposing the motion and

---

[3] As other courts in this district have observed, Defendant is "a company with which the City of New York contracts to provide medical services to inmates housed at [New York City Department of Correction] facilities, including Rikers." *Law v. Corizon Med. Servs.*, No. 13 Civ. 5286 (KBF), 2014 WL 2111675, at *5 (S.D.N.Y. May 12, 2014). The Court assumes for purposes of this motion that Defendant is subject to suit under § 1983. *See Bess v. City of New York*, No. 11 Civ. 7604 (TPG), 2013 WL 1164919, at *2 (S.D.N.Y. Mar. 19, 2013).

[4] Hernandez has submitted several forms titled "Correction Health Services Complaint" and "Correctional Health Services Request for a Second Opinion," attached to his request to amend his complaint. (*See* Dkt. No. 32 at 3-9.) He has also submitted New York City Department of Correction grievance forms that he filed, along with his medical records from Rikers. (*Id.* at 10-22.)

has requested to amend his complaint to include claims against the City of New York and the New York City Department of Correction. (Dkt. Nos. 32, 34.) Additionally, Hernandez has filed a number of letters regarding the case, some of which seek the Court's guidance as to how to proceed.[5]

## II. Discussion

### A. Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 392 (2d Cir. 2008) (internal quotation marks omitted). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court will not consider mere conclusory allegations that lack a factual basis. *Hayden v. Paterson*, 594 F.3d 150, 160-61 (2d Cir. 2010).

A complaint filed pro se "must be construed liberally to raise the strongest arguments it suggests." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (brackets and internal quotation marks omitted). "[A] *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation mark omitted). However, a pro se litigant must nonetheless "plead

---

[5] For instance, in a letter dated July 3, 2014, Hernandez asks the Court whether he should file a lawsuit against the City Comptroller. (Dkt. No. 18.) The Court notes that it will not provide Hernandez with legal advice. *See Merritt v. Cnty. of Suffolk*, No. 13 Civ. 1940 (JFB) (GRB), 2014 WL 810837, at *3 (E.D.N.Y. Feb. 28, 2014); *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004).

3

facts sufficient to state a claim to relief that is plausible on its face." *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

A plaintiff may assert a claim pursuant to 42 U.S.C. § 1983 alleging that he received inadequate medical care in custody,[6] but only if he can demonstrate "deliberate indifference to [his] serious medical needs." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "[N]ot every lapse in medical care is a constitutional wrong. Rather, 'a prison official violates the [Constitution] only when two requirements are met.'" *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). These two requirements are (1) "that [the plaintiff] had a serious medical condition" and (2) "that it was met with deliberate indifference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000)) (internal brackets and quotation marks omitted).

Under the first prong, a plaintiff must allege a "sufficiently serious" medical need, which must involve "deprivations denying the minimal civilized measure of life's necessities." *Salahuddin*, 467 F.3d at 279 (internal quotation marks omitted). A "prison official's duty is only to provide reasonable care." *Id.* The seriousness of the medical condition—among other things, "whether a reasonable doctor or patient would find it important and worthy of comment"—is relevant to this inquiry. *Id.* at 280 (brackets and internal quotation marks omitted). Defendant

---

[6] The rights pertaining to the medical care of state pretrial detainees are guaranteed by the Fourteenth Amendment, while the Eighth Amendment applies to claims arising from the conditions of confinement of convicted prisoners. *See Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). Whether Hernandez was a detainee or a prisoner during the time period in question, however, the same standard applies to his claim. *See id.* at 72 ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment.").

does not challenge the adequacy of Hernandez's allegations on the first prong at this stage. (Dkt. No. 23, at 4-5.)

"To establish the second element, deliberate indifference, a plaintiff must show something more than mere negligence." *Cuoco*, 222 F.3d at 106 (internal quotation marks omitted); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("'Deliberate indifference' describes a mental state more blameworthy than negligence."). Likewise, an allegation of "medical malpractice is . . . insufficient . . . unless the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Id.* (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)) (internal quotation marks omitted). The assertion "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (quoting *Estelle*, 429 U.S. at 106). Moreover, "[s]o long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to [a constitutional] violation." *Chance*, 143 F.3d at 703.

The complaint's claim that Hernandez was subject to medical negligence is insufficient to state a claim for deliberate indifference under § 1983. Hernandez does not allege that Defendant consciously ignored his condition. Rather, he describes a series of visits to doctors at Rikers Island and states that he was treated and prescribed various medications as a result. (*See* Compl. at 3.) The core of Hernandez's complaint—regardless of the legal label he places on it—is that his condition did not improve despite the treatment he received from doctors at Rikers Island. These allegations do not rise to the level of deliberate indifference. *See Bryant v. Wright*, 451 F. App'x 12, 14 (2d Cir. 2011) (summary order) ("The bare allegation that the treatments have so far been unsuccessful is insufficient to state a claim for deliberate indifference."). Hernandez has

5

accordingly failed to allege that Defendant acted in "conscious disregard of a substantial risk of serious harm." *See Keane*, 341 F.3d at 144 (internal quotation marks omitted).  Thus, his § 1983 claim must be dismissed.

While the complaint's allegations might state a claim for medical malpractice or "medical negligence"—as Hernandez labels the claim—that is a cause of action under state law.[7]  To the extent that Hernandez's complaint asserts a state law medical malpractice claim in addition to his § 1983 claim, the Court declines to exercise supplemental jurisdiction because the only federal claim has been dismissed.  *See* 28 U.S.C. § 1367(c)(3); *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (per curiam) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (internal quotation marks omitted)).

**B.     Leave to Amend**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be granted "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Furthermore, "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (brackets and internal quotation marks omitted).

Hernandez states in his papers that he wishes to amend his complaint to assert claims against the City of New York and the New York City Department of Correction ("DOC").  The DOC, however, is not a suable entity.  *See* N.Y. City Charter Ch. 17, § 396; *Sanders v. City of New York*, No. 14 Civ. 6156 (PAE), 2014 WL 6969553, at *3 (S.D.N.Y. Dec. 9, 2014) ("[T]he Complaint's claims against the DOC are dismissed because the DOC is not a suable entity.").

---

[7] A claim of medical malpractice or medical negligence is a tort under New York law.  *See Scott v. Uljanov*, 541 N.E.2d 398, 399 (N.Y. 1989) (stating that "medical malpractice is simply a form of negligence," and that "no rigid analytical line separates the two").

Accordingly, Hernandez may assert a claim against the City of New York in an amended complaint, but not against the DOC.[8] Of course, regardless of which defendants figure in Hernandez's amended complaint, that complaint must make allegations sufficient to meet the substantive requirements of his claim, as outlined above, in order to survive a motion to dismiss.

Because the Court concludes that Hernandez could possibly amend his complaint to state a valid claim to relief, leave to amend is granted.

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff's request for leave to file an amended complaint is also GRANTED.

An amended complaint form is attached to this order. If Plaintiff wishes to file an amended complaint, he is directed to send it by mail to the Pro Se Office of this Court at 500 Pearl Street, New York, NY 10007, by February 28, 2015. If no amended complaint is filed by that date, the case will be closed.

The Clerk of the Court is directed to terminate the motion at docket number 21.

SO ORDERED.

Dated: January 22, 2015
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

COPY MAILED TO PRO SE PARTY

---

[8] The Court notes that, in order to state a valid claim for municipal liability against the City of New York, Hernandez must do more than allege that the City was the employer of persons who violated his constitutional rights. *See Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) ("Under the standards of *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality."); *see also L.A. Cnty. v. Humphries*, 131 S. Ct. 447, 452 (2010) ("[A] municipality [cannot] be held under § 1983 solely because it employed a tortfeasor.").